Dear Sheriff Pylant:
This office is in receipt of your request for an Attorney General's opinion regarding the sale of vehicles seized for forfeiture in accordance with the Seizure and Controlled Dangerous Substances Property Forfeiture Act, LSA-R.S. 40:2601, et seq. (the Forfeiture Act").
You write that from time to time your department seizes vehicles for forfeiture and sale in accordance with the Forfeiture Act. It has been your experience that cars sold at public auction in your parish generally sell for far less that market value, sometimes for barely enough to cover the costs of court. Your letter states that you office is interested in selling some of these vehicles in state surplus auctions conducted by the Division of Administration (the "Division"), where you feel that higher prices could be obtained[1].
However, you are concerned that payment of the 20% commission charged by the Division of Administration may violate LSA-R.S. 40:2616, which provides for the distribution of funds obtained through forfeiture. You therefore request our opinion on the legality of the sale of forfeited vehicles at state surplus auction, particularly with regard to payment of a commission to the Division.
Pertinently, LSA-R.S. 40:2616 provides that the "proceeds" of any sale of a motor vehicle sold at public sale in accordance with the Forfeiture Act and "any monies obtained" under the provisions of the Forfeiture Act must be deposited in the Special Asset Forfeiture Fund (the "Fund") established therein. In accordance with LSA-R.S. 40:2616B, money in the Fund is to be allocated to appropriate law enforcement and judicial agencies, but only after satisfaction of all bona fide security interests or liens, and:
 "(2) payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising and court costs." (Emphasis added).
LSA-R.S. 40:2616B (2), quoted above, clearly recognizes that sales under the Forfeiture Act will be had at some expense or cost, and provides that those costs should be paid before the funds obtained thereby are allocated to the appropriate law enforcement and judicial agencies. Presumably, it is the intention of the legislature that those agencies receive as much money as possible in connection of the sale of forfeited vehicles. Accordingly, if its is properly determined by local agencies that the higher sale proceeds are likely to be obtained in sales conducted by the Division, we see no reason why vehicles seized in accordance with the Forfeiture Act should not be sold, on behalf of local law enforcement and judicial agencies, by the Division of Administration.
In summary, it is the opinion of this office that vehicles seized in accordance with the Forfeiture Act can be sold, on behalf of local law enforcement and judicial agencies, by the Division of Administration at its sales of state surplus property.
We trust the foregoing to be helpful. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
 Yours very truly, CHARLES C. FOTI, JR. Attorney General
 BY: ________/s/____________ JEANNE-MARIE ZERINGUE BARHAM ASSISTANT ATTORNEY GENERAL
[1] We note that LSA-R.S. 39:321, et seq., regarding the control of state property by the Division, specifically excludes sheriffs and district attorneys from coverage there under. However, we have been advised by Mr. George Grazioso, Deputy General Counsel to the Division of Administration, that the Division has, and is willing to continue handling the sale of automobiles seized in accordance with the Forfeiture Act as an accommodation to Sheriffs and other local law enforcement agencies.